UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN WALLACK,

    Plaintiff,

v.

Case No. 14-10387
Hon. Gerald E. Rosen

MERCANTILE ADJUSTMENTS
BUREAU, INC.,

    Defendant.

_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS AND
GRANTING LEAVE FOR PLAINTIFF TO AMEND HIS COMPLAINT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     April 18, 2014

PRESENT: Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

## I. INTRODUCTION

Plaintiff Steven Wallack commenced this action in a Michigan small claims court on December 18, 2013, alleging in a *pro se* form affidavit and claim that Defendant Mercantile Adjustments Bureau, Inc. violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by making "[h]ar[]assing calls" to his cellular phone. Defendant removed the case to this Court on January 27, 2014, citing Plaintiff's assertion of a claim arising under federal law. *See* 28 U.S.C. §§ 1331, 1441(a).

In lieu of answering Plaintiff's complaint, Defendant has filed a February 3, 2014

motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim or, alternatively, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). By order dated February 3, 2014, Plaintiff was directed to file a response to Defendant's motion on or before March 7, 2014, but he has failed to do so. Accordingly, the Court will now proceed to decide this pending motion.

Under Local Rule 7.1(f)(2) of this District, the Court may elect to dispense with oral argument before ruling on a dispositive motion, and the Court concludes under the circumstances that a hearing on Defendant's motion is not warranted. For the reasons stated below, the Court finds that Defendant's request for dismissal should be granted, but that Plaintiff should be given a limited 21-day opportunity to file an amended complaint that cures the deficiencies in his initial pleading.

## II. ANALYSIS

### A.    The Standards Governing Defendant's Motion

Through the present motion, Defendant primarily seeks the dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1] When considering a motion brought under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin American Citizens v. Bredesen*, 500

---

[1] As noted earlier, Defendant moves in the alternative for a more definite statement pursuant to Fed. R. Civ. P. 12(e). The Court need not reach this issue, in light of its ruling on the portion of Defendant's motion brought under Rule 12(b)(6).

F.3d 523, 527 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

**B.     Plaintiff's Form Complaint Lacks Sufficient Factual Allegations to Enable Defendant to Meaningfully Respond to Plaintiff's Claim of a Violation of the TCPA.**

As noted earlier, Plaintiff commenced this suit by filing a *pro se* "affidavit and claim" form with a Michigan small claims court. Characteristically, this form does not provide much insight as to the factual basis for Plaintiff's TCPA claim; instead, Plaintiff simply accuses Defendant of making "[h]ar[]assing calls to my cellular phone in violation

of the TCPA." (Aff. and Claim at ¶ 9.) In seeking the dismissal of this TCPA claim, Defendant argues that Plaintiff has failed to meet the standards of *Twombly* and *Iqbal* by pleading sufficient factual content to permit the reasonable inference that Defendant acted in violation of the TCPA. The Court agrees.

Through his reference to harassing calls to his cellular phone, Plaintiff presumably means to appeal to the TCPA provision that prohibits non-emergency calls to a cellular phone without the consent of the recipient "using any automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A); *see also Mims v. Arrow Financial Services, LLC,* __ U.S. __, 132 S. Ct. 740, 745 (2012) (identifying this as one of the four practices outlawed by the TCPA). Thus, to state a claim under this provision, Plaintiff necessarily "must allege that: (1) a call was made; (2) the caller used an [automatic telephone dialing system] or artificial or prerecorded voice; (3) the telephone number called was assigned to a cellular telephone service; and (4) the caller did not have prior express consent of the recipient." *Hanley v. Green Tree Servicing, LLC,* 934 F. Supp.2d 977, 982 (N.D. Ill. 2013). As the courts have recognized, to satisfy the *Twombly/Iqbal* standard with respect to such a TCPA claim, a plaintiff must plead such facts as (i) the number of allegedly unlawful calls received, (ii) the approximate dates and times of these calls, and (iii) circumstances that would support the inference that these calls were placed with a automatic telephone dialing system or an artificial or prerecorded voice. *See, e.g., Hanley,* 934 F. Supp.2d at 983-84 (finding that a complaint was subject to dismissal where the plaintiff failed to "plead how many calls [the defendant] allegedly

4

made to him in violation of the [TCPA]" or "when the allegedly offending calls were made"); *Duran v. Wells Fargo Bank, N.A.,* 878 F. Supp.2d 1312, 1316 (S.D. Fla. 2012) (dismissing the plaintiff's TCPA claim where he "allege[d] in a conclusory manner that Defendant placed 'many' non-emergency calls to his cellular phone" but pled "no facts whatsoever about any automated or pre-recorded calls Defendant allegedly made"); *Johansen v. Vivant, Inc.,* No. 12-7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (opining that "[i]t is not unreasonable . . .to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via" an automated dialing system); *cf. Aronson v. Generation Mortgage Co.,* No. 13-1702, 2014 WL 641622, at *1 (W.D. Pa. Feb. 19, 2014) (holding that the plaintiff had pled a viable TCPA claim where he "provided sufficient details of the date, time and place . . . of the offending call in support of his claim").

  The complaint here includes no such allegations that, if proven, would establish Plaintiff's entitlement to relief under the TCPA. As stated above, Plaintiff alleges only that Defendant made "[h]ar[]assing calls to my cellular phone in violation of the TCPA." This assertion lacks any supporting details as to the number of calls made to Plaintiff's cell phone, the dates they were placed, or the basis for believing that the calls originated from Defendant. Moreover, the mere placement of calls to a cellular phone without the recipient's consent, standing alone, does not violate the TCPA provision implicated by Plaintiff's complaint; rather, a plaintiff must allege that the calls were made "using any

automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A). Again, Plaintiff's complaint lacks any factual allegations that would support a finding in his favor as to this element of his TCPA claim.

To be sure, Plaintiff has been proceeding *pro se*,[2] and the form he used to commence this action in a Michigan small claims court does not lend itself to a wealth of supporting detail. Yet, while this may excuse Plaintiff's initial bare-bones pleading of a claim under the TCPA, matters have now changed in light of Defendant's filing of a motion to dismiss or, in the alternative, for a more definite statement. In response to this motion, Plaintiff readily could have identified the more detailed factual allegations that were lacking from his initial complaint, and could have sought leave to amend his complaint to incorporate these additional facts. Instead, however, Plaintiff has failed to respond in any way to Defendant's motion, despite the Court's February 3, 2014 order expressly instructing him to do so. Under these circumstances, it is clear that Plaintiff's complaint is subject to dismissal for failure to plead sufficient facts to meet the standards of *Twombly* and *Iqbal.*

Nonetheless, in an abundance of caution, the Court will grant Plaintiff one final opportunity to augment his complaint with factual allegations that, if proven, could establish a plausible claim to relief under the TCPA. Specifically, within 21 days of the

---

[2] Just as the Court was about to issue the present opinion, an attorney entered an appearance on Plaintiff's behalf. As discussed below, the Court has determined that Plaintiff should be given an opportunity to file an amended complaint, and the appearance of counsel on his behalf is an important factor in this decision.

6

date of this opinion and order, Plaintiff (now with the assistance of counsel) may file an amended complaint that addresses the deficiencies identified in the present ruling — namely, the absence of any factual allegations in support of Plaintiff's TCPA claim, such as the number of calls received from Defendant on Plaintiff's cell phone, the approximate dates and times of these calls, and the grounds for Plaintiff's belief that these calls were made in violation of the TCPA.  Plaintiff and his counsel are cautioned that this case will be dismissed with prejudice if Plaintiff should fail to act within 21 days to advance sufficient factual allegations to support a viable claim under the TCPA.

### III.  CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's February 3, 2014 motion to dismiss (docket #3) is GRANTED.  IT IS FURTHER ORDERED, in accordance with rulings in the present opinion and order, that Plaintiff is granted a period

of *twenty-one (21) days* from the date of this opinion and order to file an amended complaint that addresses the deficiencies identified in Defendant's motion and in the Court's ruling.  In the event that Plaintiff fails to act within this 21-day period, the Court will dismiss this case with prejudice.

                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated:  April 18, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 18, 2014, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135